IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DEAN RICHARDSON, | No. C 09-4044 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| SERVICEMASTER GLOBAL HOLDINGS INC., *et al.* | |
| Defendants. | |

Defendants filed a motion to dismiss plaintiff's complaint, which was scheduled for a hearing on December 15, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determined that this matter is appropriate for resolution without oral argument, and vacated the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss the complaint, with leave to amend. If plaintiff wishes to amend the complaint, he must file an amended complaint no later than **January 8, 2010**.

## BACKGROUND

The subject of this litigation is a wage and hour dispute brought by plaintiff Peter Dean Richardson, who worked for defendant Terminix International Company, L.P. from October 1994 to September 2004. Plaintiff was a member of a putative class defined as "[a]ll persons currently or formerly employed by Terminix to perform termite inspections within the State of California, classified as exempt from overtime wages, at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action" in a class action

complaint, entitled *Pablo, et al. v. ServiceMaster Global Holdings, Inc., et al.*, Case No. C 08-03897-SI. The class action complaint was filed on May 30, 2008, and a motion for class certification was denied without prejudice on August 17, 2009.[1] On August 31, 2009, plaintiff brought an individual action in this Court against defendants ServiceMaster Global Holdings, Inc., the ServiceMaster Company, the Terminix International Company, L.P., Terminix International, Inc., and DOES 1-20 (collectively "Terminix" or "defendants") on the same grounds as the class action complaint.

Plaintiff alleges that defendants misclassified plaintiff as an exempt outside salesperson to avoid having to pay him overtime compensation, denied plaintiff meal and rest periods, and failed to reimburse plaintiff for necessary work-related expenses, in violation of California law. Specifically, plaintiff's complaint alleges six causes of action, all of which are based on state law: (1) failure to pay overtime and minimum wages in violation of California Labor Code §§510, 1194, and 1197; (2) failure to pay full wages when due in violation of California Labor Code §200 *et seq*., §§1194, 1198, and 1199; (3) failure to keep records of wages and hours worked in violation of California Labor Code §§ 226, 1174, 1174.5, and California Wage Order No. 4; (4) failure to provide meal and rest breaks in violation of California Labor Code §226.7; (5) failure to indemnify for necessary expenditures and losses incurred in violation of California Labor Code §2802; and (6) unfair and unlawful business practices in violation of California Business & Professions Code §17200 *et seq.* Compl. ¶¶ 35-65. Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332 because plaintiff is a California citizen while defendants are citizens of Tennessee. Although the complaint alleges that "the amount in controversy exceeds $75,000," it does not demand any specific dollar amount. *Id.* ¶ 5. In his prayer for relief, plaintiff simply seeks "an award of damages, statutory penalties, and restitution to be paid by Defendants according to proof," and "attorneys' fees and costs of suit, including expert fees pursuant to California Labor Code Section 218.5 and 1194, California Code Civil Procedure Section 1021.5 and other applicable laws." *Id.* ¶¶ C, F.

Now before the Court is defendants' motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for failure to meet the $75,000 jurisdictional amount requirement.

---

[1] This case has been deemed related to the *Pablo* class action. Related Case Order (Docket No. 8).

2

Defendants argue that plaintiff's complaint should be dismissed because only 3.5 months of plaintiff's employment are within the statute of limitations and therefore, even if the Court were to take all allegations in the complaint as true, plaintiff's damages would not come close to exceeding the $75,000 jurisdictional requirement.

## LEGAL STANDARD

A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332. This amount includes claims for general and special damages (excluding costs and interests), attorney fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The amount is "determined at the time the action commences, and a federal court is not divested of jurisdiction . . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

The sum claimed by plaintiff controls so long as the claim is made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). To justify dismissal for lack of jurisdictional amount in controversy, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289; *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The Ninth Circuit has noted that a determination of such legal certainty would clearly be warranted only when a rule of law or limitation of damages of a contract would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement, or when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction. *Pachinger*, 802 F.2d at 364 (citing 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48-50 (2d ed. 1985)).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

There is no dispute with regard to the diversity of citizenship between the parties; the parties only disagree as to whether the amount in controversy exceeds $75,000, as required by 28 U.S.C. §1332(a). As an initial matter, the parties dispute where the burden of proof lies. Defendants rely on *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992), to support their assertion that plaintiff must present "competent proof" by a "preponderance of evidence" that the jurisdictional requirements under 28 U.S.C. §1332 are met. However, defendants' argument is misplaced because *Gaus*'s preponderance of evidence standard is only applicable to cases where a defendant seeks to remove a plaintiff's state court claims to federal court by invoking diversity jurisdiction, and where the plaintiff has failed to plead a specific amount in controversy. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). The Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction in diversity cases where the amount in controversy is in doubt: "[I]n cases brought in the federal court . . . . [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal . . . . A different situation is presented in the case of a suit instituted in a state court and thence removed." *Gaus*, 980 F.2d at 566 (alterations in original) (quoting *St. Paul Mercury*, 303 U.S. at 288-90). In other words, when a plaintiff brings suit in federal court alleging that the amount in controversy exceeds the jurisdictional minimum, a defendant challenging the federal court's jurisdiction must establish to a legal certainty that plaintiff's claim does not satisfy the requisite jurisdictional amount. *Sanchez*, 102 F.3d at 402.

Defendants contend that plaintiff's complaint should be dismissed because it merely makes a bald assertion that the amount in controversy exceeds $75,000 without offering any facts supporting this assertion. Defendants argue that even if the Court were to take all allegations in the complaint as true,

4

plaintiff's damages would not come close to the $75,000 jurisdictional requirement.

Defendant's argument is based on the applicable statute of limitations. The statute of limitations governing plaintiff's wage claims is four years. *See* Cal. Bus. & Prof. Code §17200. However, the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). Defendants challenge plaintiff's assertion that the four-year period should be measured back from May 30, 2008, the date the class action complaint in *Pablo* was filed, because *American Pipe & Construction* only allows the statute of limitations period to be tolled during the pendency of the class action, and plaintiff waited two weeks after the denial of class certification in *Pablo* before filing his complaint. *Id.* at 561. Accordingly, defendants assert that the four-year statute of limitations should be measured back from no earlier than June 8, 2008, two weeks after May 30, 2008. Defendants allege that since plaintiff was only employed by Terminix International Co., L.P. until September 30, 2004, only plaintiff's claim for unpaid wages from June 13, 2004 to September 30, 2004 is within the statute of limitations and can be considered for determining whether his damages exceed the $75,000 minimum jurisdictional threshold. Thus, defendants contend that even assuming plaintiff was eligible for overtime, was denied rest and meal periods on every work day during the 3.5 month timeframe in question, and worked fourteen hours per day, in which he must be compensated for four hours of overtime pay and two hours of double time pay for each workday, the maximum amount of damages plaintiff could recover would be $6,181.60, which is far below the $75,000 jurisdictional requirement.[2] Although defendants' estimate fails to take into account plaintiff's possible recovery of damages for failure to make timely payment of full wages, failure to keep records, failure to indemnify for necessary expenditures, and unlawful and unfair business practices, plaintiff's opposition does not raise these issues and merely alleges that attorney fees for this case alone will

---

[2] Defendants calculated plaintiff's total possible recovery based on plaintiff's earnings report from June 13, 2004 through the end of his employment on September 30, 2004. Defendants determined that there were 80 work days within the relevant timeframe, obtained plaintiffs' average hourly wage ($15.45) by dividing plaintiff's total commissions earned during the timeframe ($17,308.30) by the maximum number of hours plaintiff could have worked during the timeframe (1,120 hours), and determined that plaintiff's maximum recoverable overtime pay would be $2,473.60, his maximum recoverable double time pay, $2,472, and his maximum recoverable meal or rest period penalty, $1,236, which in total would be $6,181.60. *See* Charles Decl. ¶¶ 4-9 (Docket No. 10-2).

exceed the requisite jurisdictional amount.[3] Since plaintiff does not dispute defendants' calculation that the maximum amount of damages plaintiff could recover would be $6,181.60, the Court assumes that plaintiff's possible recovery of damages is limited to $6,181.60.

Plaintiff alleges in his opposition that defendants' calculation of the amount in controversy is flawed because it failed to take into account the amount of statutory attorney fees.[4] Plaintiff submits a declaration by his counsel stating that "[t]he attorney fees in typical employment cases exceed $75,000. Here, the issue of whether or not Defendants misclassify termite inspectors is being vigorously denied and defended by Defendants and I expect that the amount of attorney time in this case will exceed the typical individual employment case and eclipse $75,000 very soon." Burton Decl. ¶ 7 (Docket No. 14-1). Plaintiff's counsel supports his assertion by stating that "I have experience in other employment and wage and hour cases and I am familiar with the amount of time required to prosecute these actions." *Id.* ¶ 1. Defendants contend that plaintiff's assertion that attorney's fees alone will exceed the $75,000 jurisdictional amount is sheer speculation, and is not sufficient to satisfy the amount in controversy requirement of 28 U.S.C. §1332.

The Ninth Circuit has ruled that §1332(a)'s amount in controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees, where an underlying statute authorizes an award of attorney fees. *Galt G/S*, 142 F.3d at1156; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Here, California Labor Code §§218.5,1194 and California Code Civil Procedure §1021.5 provide for plaintiff's recovery of attorney fees, and plaintiff prayed for attorney fees in his complaint. However, since federal courts are courts of limited jurisdiction, plaintiff still bears the burden of alleging with sufficient particularity the facts creating jurisdiction, and supporting the allegation, if appropriately challenged. *St. Paul Mercury*, 303 U.S. 288 (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182-189 (1936); *KVOS v. Assoc. Press*, 299 U.S. 269 (1936)).

---

[3] Plaintiff notes in his opposition that "while there is a dispute regarding the calculation of Plaintiff's damages, it is irrelevant given the amount of fees in controversy." Pls. Opp. 2:3-4 (Docket No. 14).

[4] As a preliminary matter, defendants argue that plaintiff's opposition should not be considered because it was not filed in a timely manner as required by Civ. L.R. 7-3. Although the Court does not condone untimely filings, in the interest of addressing the merits of the parties' arguments, the Court will not disregard plaintiffs' untimely opposition.

The Court agrees with defendants that plaintiff has not pled sufficient facts to support federal diversity jurisdiction in response to defendants' jurisdictional challenge based on failure to meet the amount in controversy requirement.

Plaintiff estimates that attorney fees for this case would exceed $75,000 based on his counsel's declaration that attorney fees for a typical employment case exceeds $75,000. However, the Court is not persuaded by plaintiff's argument, particularly in light of the fact that plaintiff does not plead a specific amount of attorney fees and does not provide any factual information detailing how attorney fees for this case would reach over $75,000. Plaintiff has not submitted any evidence that sets forth a reasonable estimate of attorney fees likely to be incurred based on plaintiff's counsel's hourly rate, the number of hours counsel expects to spend on this case, attorney fees that have accrued to date, or attorney fee awards in similar cases. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2004). In other words, plaintiff's complaint, as currently pled, provides no basis for federal diversity jurisdiction.

Because plaintiff failed to properly plead sufficient facts to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. §1332, this Court lacks diversity jurisdiction over plaintiff's case. Accordingly, defendants' motion to dismiss the complaint for lack of jurisdiction is GRANTED, and plaintiff is granted leave to file an amended complaint that meets the jurisdictional requirements of this Court.

///

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' Motion to Dismiss Complaint. (Docket No. 10). If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **January 8, 2010**.

**IT IS SO ORDERED.**

Dated: December 15, 2009

SUSAN ILLSTON
United States District Judge